UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JORGE ROJANO CORONA,** | **Civil Action No. 25-17801 (MCA)** |
| **Petitioner,** | |
| v. | **ORDER** |
| **EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, et al.,** | |
| **Respondents.** | |

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He is a citizen of Mexico who has allegedly lived in the United States since 2001, and has no criminal history and two United States citizen children. (*Id.* at 6.) He is currently detained without bond at Elizabeth Contract Detention Facility in Elizabeth, New Jersey. (*Id.*) He seeks a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules"), and finds that it is not subject to dismissal prior to the answer. Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), the Court temporarily enjoins Respondents from transferring Petitioner out

of this District or removing him from the United States during the pendency of this case.[1]  The

Court also directs the Clerk to add the Warden of Delaney Hall as a Respondent.[2]

IT IS, on this _____ day of November 2025

ORDERED that pursuant to its authority under the All Writs Act, 28 U.S.C. § 1651(a),

the Court **temporarily ENJOINS Respondents from transferring Petitioner out of this**

**District or removing him from the United States while the matter is pending;** and it is

further

ORDERED the Court directs the Clerk of the Court to add the Warden of Elizabeth

Contract Detention Facility to the caption as a Respondent and serve a copy of the Petition and

this Order upon Respondents by regular mail, with all costs of service advanced by the United

States; and it is further

ORDERED that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases,

applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined

---

[1] Courts in this district and around the country have used their inherent authority under the All Writs Act to enjoin the transfer or removal of noncitizens while their habeas petitions are pending. *See Rivera Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2476524, at *8 (D.N.J. Aug. 28, 2025); *see also Arostegui-Maldonado v. Baltazar*, --F. Supp.3d --, No. 25-cv-2205, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (relying on the All Writs Act to enter an injunction preventing immigration detainee's transfer out of the District of Colorado during the pendency of his habeas action); *Abrego Garcia v. Noem*, No. 8:25-cv-00951, 2025 WL 2062203, at *6 (D. Md. Jul. 23, 2025) (relying on the All Writs Act to limit petitioner's transfer to three nearby districts).  This Court likewise relies on its inherent authority under the All Writs Act, 28 U.S.C. § 1651(a), to preserve the status quo until this matter may be heard on the merits. The ICE detainee locator indicates that Petitioner is currently detained at Elizabeth Contract Detention Facility.  *See* ICE Detainee Locator, available at https://locator.ice.gov/odls/#/results (last visited November 24, 2025).

[2] Because Petitioner challenges his detention at Elizabeth Contract Detention Facility, the warden of that facility should be named as his immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

2

that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 14 days after the answer is filed; it is further

3

**ORDERED** that, within 3 days after any change in Petitioner's custody or immigration status (be it release, transfer, or otherwise) <u>at any time during the pendency of this case,</u> Respondents shall electronically file a written notice of the same with the Clerk of the Court.

<u>*s/ Madeline Cox Arleo*</u>
**MADELINE COX ARLEO**
**United States District Judge**

4